

U.S. Department of Justice

United States Attorney
Eastern District of New York

FTB:SMS/KPO
F. #2025R00053

271 Cadman Plaza East
Brooklyn, New York 11201

April 1, 2025

By ECF

The Honorable William F. Kuntz II
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Dimitriy Nezhinskiy
            Criminal Case No. 25-40

Dear Judge Kuntz:

      The government writes to respectfully request a status conference in light of the Second Circuit's summary order dated today, April 1, 2025. The government further requests that the Court enter a temporary order of detention until the status conference.

**I.    Background**

      As this Court is aware, the defendant was arrested on February 4, 2025, after a grand jury returned an indictment charging him and his co-conspirator, Juan Villar, with one count of conspiracy to receive stolen property, in violation of 18 U.S.C. § 371, and three counts of receipt of stolen property, in violation of 18 U.S.C. § 2315. ECF No. 1. The charges arose out of the defendants' operation of a "fencing" scheme—whereby they served as knowing resellers (or "fences") for countless pieces of stolen merchandise taken from across the United States. ECF No. 7. In conjunction with the defendant's arrest, law enforcement agents executed search warrants at the defendant's business location and three storage units that the defendant used. Id. During the execution of the search warrants, a large quantity of stolen property was uncovered. Id. At the time of the defendant's indictment, at least $1.5 million of stolen property had been identified during the investigation of his properties, and law enforcement agents estimated that the total value of stolen items may rise to as high as $5 million once the goods are inventoried and valued. Id. In addition to items with indicia of stolen property, which included approximately 100 high-end watches, countless items of jewelry, luxury handbags, wine, paintings, and luxury clothing (still bearing their sales tags), a firearm was recovered from one of the defendant's storage units. Id. Law enforcement

agents also recovered a large amount of cash – approximately $100,000 – during the searches. Id.

On February 5, 2025, the defendant appeared before the Honorable Lara K. Eshkenazi, United States Magistrate Judge, for his arraignment. ECF No. 9. The government requested a permanent order of detention pending trial; however, the defendant was released on home detention with a $1 million dollar bond secured by two properties. Id. The defendant was detained until the properties were secured. Id. Two days later, on February 7, 2025, while the defendant was still detained, the parties appeared before this Court for an initial status conference. ECF Minute Entry February 7, 2025. After reviewing the record and hearing from the parties, the Court entered a permanent order of detention, pending trial. ECF No. 21.

The defendant appealed to the Court of Appeals, which heard arguments on March 18, 2025. On March 24, 2025, the government was made aware that on March 8, 2025, the defendant was found in possession of a contraband cellular telephone within the Metropolitan Detention Center ("MDC"). According to the incident report, during a random search of the defendant's cell, a contraband phone was discovered under the mattress of the bottom bunk. After the phone was discovered, the defendant confirmed that the phone belonged to him. Possession of a cellular telephone within the MDC is a crime. See 18 U.S.C. §§ 1791(b)(4), 1791(d)(1)(F). The government filed a motion to supplement the record at the Circuit following oral argument; the Circuit denied the motion and left it to this Court to assess this information. United States v. Nezhinskiy, Case No. 25-346, Docket Entry 37.1, FN 1. The government continues its review of the contraband phone and will file a supplemental detention letter prior to the proposed status conference.

On April 1, 2025, the Court of Appeals entered a summary order vacating this Court's order of detention and remanding for consideration of the adequacy of any proposed bail conditions. United States v. Nezhinskiy, Case No. 25-346, Docket Entry 37.1. In the summary order, the Second Circuit concluded that this Court did not commit clear error in finding that the defendant was a danger to the community and risk of flight. Rather, the Court of Appeals concluded that "the district court's analysis was incomplete in that it failed to assess the suggested conditions of release offered to assure Nezhinskiy's appearance and protect the community." See id. at 5. The Court of Appeals therefore vacated this Court's order and remanded the case to this Court for "consideration of the adequacy of any proposed bail conditions."

## II.     The Need for a Status Conference and Temporary Detention

The government respectfully requests that the Court hold a status conference as soon as possible to consider the defendant's continued detention in light of the Second Circuit's decision. The government's position is that the defendant should remain in detention pending trial for several reasons, including that he was found in possession of a contraband cellphone at the MDC. Specifically, the defendant's continued engagement in criminal conduct and use of a contraband cellphone even while remanded to the MDC further demonstrates that the defendant poses both a risk of danger to the community and a risk of

flight. As such, no combination of conditions exist to ensure the defendant's appearance or manage the risk of danger to the community.

The government anticipates filing a supplemental detention memorandum with additional information gleaned from the contraband cellphone in advance of the status conference. In the meantime, a temporary order of detention until that conference is scheduled would not violate the Second Circuit's order because the Second Circuit did not order the defendant's immediate release. The Court of Appeals instead remanded the case and directed this Court to consider the adequacy of proposed bail conditions in light of its opinion—which is consistent with a temporary order of detention in this case. In addition, this Court can certainly consider the defendant's possession of a contraband cellphone as part of any ruling on a temporary order of detention.

Accordingly, the government respectfully requests a temporary order of detention be entered against the defendant and the Court convene a status conference for consideration of the effect of the defendant's contraband phone and any proposed bail conditions in light of the decision by the Court of Appeals.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:  /s/
Michael R. Maffei
Katherine P. Onyshko
Sean M. Sherman
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (by ECF)
Defense Counsel (by ECF)