CT 80 2
ORIGINAL

MRM:KPO
F. #2025R00053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DIMITRIY NEZHINSKIY,

        Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

25 CR 40 (WFK)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and DIMITRIY NEZHINSKIY agree to the following:

        1.      The defendant will plead guilty to Count One of the above-captioned indictment ("Indictment"), charging a violation of 18 U.S.C. § 371 (conspiracy to receive stolen property). The count carries the following statutory penalties:

        a.    Maximum term of imprisonment: 5 years
            (18 U.S.C. § 371).

        b.    Minimum term of imprisonment: 0 years
            (18 U.S.C. § 371).

        c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
            (18 U.S.C. § 3583 (b) & (e)).

        d.    Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
            (18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664

f. $100 special assessment
(18 U.S.C. § 3013).

g. Other penalties: Removal, as set forth below in paragraph 15; criminal forfeiture, as set forth below in paragraphs 6 through 13 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 26, which is predicated on the following Guidelines calculation:

|       | | |
|-------|---|---|
|       | Base Offense Level (U.S.S.G. §2B1.1(a)(2)) | 6 |
| Plus: | Loss more than $1.5 Million (U.S.S.G. §2B1.1(b)(1)(I)) | +16 |
| Plus: | 10 or more victims (U.S.S.G. §2B1.1(b)(2)(A)(i)) | +2 |
| Plus: | Business of receiving stolen property (U.S.S.G. §2B1.1(b)(4)) | +2 |
| Plus: | Sophisticated Means (U.S.S.G. §2B1.1(b)(10)(C)) | +2 |
| Less: | Zero Point Offender (U.S.S.G. §4C1.1(a)) | -2 |

2

Total: <u>26</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 24 and a range of imprisonment of 51 - 63 months, assuming that the defendant falls within Criminal History Category I. However, because the statutory maximum term of imprisonment for Count One is 5 years, the effective range of imprisonment is 51- 60 months. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before July 18, 2025, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 23. This level carries a range of imprisonment of 46 - 57 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, (a) the conviction, (b) the incarceratory portion of the sentence in the event that the Court imposes a term of imprisonment of 60 months or below, (c) the duration of supervised release if it is less than or equal to the statutory maximum, or (d) any condition of supervised release about which the defendant has notice prior to sentencing and an opportunity to object. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the

statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute(s) to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 15 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for conspiring to and actually receiving and possessing stolen property between November 2020 and February 2025, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice.

Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its

obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5(a).

6. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 371, as alleged in the above-captioned indictment. The defendant consents at sentencing to the entry of a forfeiture money judgment in the amount of two million five hundred ninety-five thousand seven hundred ninety-eight dollars and nineteen cents ($2,595,798.19) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title and interest in the property, attached hereto in "Attachment A" (collectively, the "Seized Assets"), seized on or about February 4, 2025 by law enforcement from the defendant in North Bergen, New Jersey and from locations in Fairview, New Jersey and in New York, New York, except for items the defendant provides documentation that is sufficient to (a) satisfy required New York state laws regarding pawn and/or loan transactions or (b) prove defendant's ownership in the item to the government within 60 days from the date the government provides copies of documents obtained from the aforementioned seizure that occurred on or about February 4, 2025. The defendant agrees that government determination, after having reviewed any document provided by the defendant, is deemed conclusive and final.

7. The defendant agrees that the amount of the Forfeiture Money Judgment, any payments toward the Forfeiture Money Judgment, and the Seized Assets, represent any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 371 and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in any administrative and/or judicial (civil or criminal) proceeding(s) at the

Office's exclusive discretion. The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment and forfeiting the Seized Assets.

8. The Forfeiture Money Judgment shall be paid in full on the date of sentencing (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment and the restraint of the Seized Assets. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983. The forfeiture of the Seized Assets will be credited towards the Forfeiture Money Judgment.

9. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date and/or forfeit the Seized Assets, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment and/or value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), and further agrees the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. Until the defendant receives credit towards the Forfeiture Money Judgment from the forfeiture of the Seized Assets, the Office will

not forfeit other property of the defendant with respect to the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).

10. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment and the surrender and forfeiture of the Seized Assets to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets or any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Assets and any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. Further, if any third-party files a claim to the Seized Assets, the defendant will assist the government in defending such claim.

11. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant

7

knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment and the forfeiture of the Seized Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the entry and payment of the Forfeiture Money Judgment and the forfeiture of the Seized Assets are not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14. The defendant agrees to unconditionally release and hold harmless the United States and United States Marshals Service, its officers, employees, and agents, from any and all claims, demands, damages, causes of action or suits, of whatever kind that might now exist or hereafter exist relating to the seizure, restraint, and/or forfeiture of the Seized Assets.

15. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to receive stolen property, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of

any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

16. Pursuant to 18 U.S.C. §§ 3663, 3663A and/or 3664, the defendant agrees to the entry of a restitution order, to be incorporated in the judgment, as provided in paragraph 1(e), above. The defendant understands that full restitution will be ordered regardless of the defendant's financial resources, and that an unanticipated amount of restitution will not serve as a ground to withdraw his guilty plea.

17. The defendant further agrees: (a) to make full restitution, in the amount specified in the judgment, to all victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A; (b) that any monetary penalties imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613; (c) that any schedule of payments imposed by the Court is merely a minimum schedule of payments and does not, in any way, limit other methods available to the United States to enforce or collect the judgment; (d) that, notwithstanding compliance with any Court-ordered payment schedule, the defendant shall participate in the Treasury Offset Program (TOP) in which any federal payment to which the defendant is otherwise entitled—such as an income tax refund or transfer of returned property—may be offset and applied to the defendant's federal debt; and (e) not to attempt to seek the discharge of any restitution obligation or monetary penalties, in whole or in part, in any present or future bankruptcy proceeding.

18. To effect the collection of Court-ordered restitution and monetary penalties, the defendant further agrees: (a) within 20 days of execution of this plea agreement, to

provide to the Office—subject to the penalties associated with false statements, the obstruction of justice or perjury, including 18 U.S.C. § 1001—a full and accurate disclosure of his/her financial affairs by providing a financial statement, which shall, among other things, identify all assets owned or held directly or indirectly by the defendant, (b) to identify all assets valued at more than $5,000 that have been transferred to third parties since the commencement of the criminal activity and/or the date of arrest, including the location of the assets and the identity of the third parties, (c) to notify the Office before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations, and (d) submit updated financial statements to the Office—subject to the penalties specified above—on a yearly basis until the fine or restitution is paid in full or the liability terminates under 18 U.S.C. § 3613(b). See 18 U.S.C. §§ 3613, 3664(k) & (n). Such financial statements shall notify the Office of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, after the execution of this agreement, and any other change in the defendant's economic circumstances. Should litigation be required to collect payment of restitution, fines or special assessments, the United States may be entitled to recover an additional surcharge of 10 percent of the outstanding amount of debt pursuant to 28 U.S.C. § 3011.

19. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made, as required under 18 U.S.C. § 3572(d). If the defendant is incarcerated, the defendant agrees to participate in the

Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

20. Upon request of the Office, the defendant shall submit to the Office copies of financial information that the defendant submits to the Probation Department, and/or the Internal Revenue Service. The defendant agrees to execute an Internal Revenue Service Tax Information Authorization Form 8821, upon request of the Office, until all of defendant's criminal debts including, but not limited to, restitution, fines and special assessments, have been fully satisfied.

21. The parties will jointly recommend that, as itemized above, the defendant's (a) compliance with any court-ordered payment schedule, (b) notification to the Office prior to the transfer of property, and (c) submission to the Office of updated financial statements, be made conditions of probation or supervised release. The defendant acknowledges that (a) his/her obligation to pay restitution is broader, including that the monetary penalties are due immediately and subject to immediate enforcement by the United States, and (b) all his/her restitution obligations will extend until the fine or restitution is paid in full or the liability terminates under 18 U.S.C. § 3613(b), which may be later than the date on which probation or supervised release ends.

22. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

23. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.

Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
      July 18, 2025

By: _____
Katherine P. Onyshko
Sean M. Sherman
Assistant United States Attorneys

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

Approved by: _____
Michael R. Maffei
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
DIMITRIY NEZHINSKIY
Defendant

Approved by:
_____
David Eskew, Esq.
Counsel to Defendant